McIlvaine, J.
No objection is made to the jurisdiction of the court of common pleas over the person of defendant on the ground that service of summons was not made upon a “ managing agent,” as authorized by section 68 of the civil code of 1853, in force at the time the action was brought: And, indeed, if no summons had been issued in the case, the voluntary appearance of the defendant for the purpose of submitting to the court the sufficiency of the petition in its statement of the cause of action, which was done by the motion to dismiss for want of jurisdiction, on the ground stated in the motion, would have constituted a waiver of the summons, as well as the service thereof. “ The voluntary appearance of the defendant is equivalent to service ” of a summons. Section 65. True, the voluntary appearance of a defendant for the sole purpose of objecting to the mode or manner of service is not within the rule of this section ; such, however, was not *370 the purpose of the defendant in making the motion in this ease, but the motion, as expressed, involved the merits of the action as stated in the petition. The true ground of objection as raised, first by the motion, and afterwards by the demurrer, was that the defendant, upon the facts stated in the petition, was not liable to be sued in that court, for the reason that the cause of action, or any part of it, did not arise in this state, nor was the defendant a corporation of this state.
It is not claimed that courts of this state may not exercise jurisdiction over foreign corporations; but it is contended, 1st. That jurisdiction over foreign corporations can be exercised by courts of this state only in cases where the cause of action, or some part of it, arose in this state; and, 2d. That foreign insurance corporations can be sued in this state only in the county where the cause of action, or some part thereof, ■•arose.
Power to hear and determine a controversy is jurisdiction, and it is complete when both the subject matter of the controversy and the parties to it are properly before the court. In determining whether a given subject matter is within the jurisdiction of a court, regard to the parties is not involved. The subject matter of the original action was a contract alleged to have been broken by defendant. There is no question but that the court of common pleas had jurisdiction of this subject matter, without regard to the place where the contract was made or where it was violated. The point made by the defendant is, that the court, upon the facts stated in the petition, had no power to issue its process against the defendant, or even after a voluntary appearance, to proceed to render judgment against it upon the cause of action stated in the petition.
The general jurisdiction of the court of common pleas, over the person of litigants, is not confined to residents or natural persons; non-residents of the state and foreign corporations are as much subject to its jurisdiction as are residents and domestic corporations. Except in actions of a local nature, our courts are open to all who may seek relief therein, against any one who can be reached by its process. We know of no principle that will exempt a foreign corporation, which voluntarily comes into *371 this state, from liability to answer any complaint which may be preferred against it in the courts of the state, that would not exonerate natural persons under like circumstances.
The county in which actions are to be brought, as well as the mode of acquiring jurisdiction by notice to defendants, is regulated by statute. Among other provisions on this subject, section 52 of the code of 1853 provided that, “an action . . . against a non-resident of this state or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found : but if said defendant be á foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose.” The general rule here declared has no reference to actions upon causes arising in this state. No matter where the cause arose, if the subject matter be within the jurisdiction of the court. Nor is the rule confined to corporations other than insurance companies. Any foreign corporation which maybe found in this state, maybe sued in any county of this state, in any court having jurisdiction of the subject matter of the suit. And the defendant in error, having voluntarily appeared in the action in the court of common pleas, is not in position to allege that it was not found in this state and in the county where the action was brought. .
Nor is the claim of the defendant in error, that being a foreign insurance corporation under the last clause in the section above quoted, it was liable to suit in this state only in the county where the cause of action or some part of it arose. This clause was intended to give an additional remedy against ‘ foreign insurance companies doing business in this state; namely ? to make them liable to actions in-the county where the causes of action arose, although they might not have property or debts due in such county, or might not even be found in such county.
It was alleged in the petition below, that the defendant was an insurance corporation of the state of Connecticut, doing business in the state of Ohio; and much has been said in argument, in relation to section 20 of the act of April 27, 1872, regulating foreign insurance companies, ás amended April 24, 1873 (70 Ohio L. 147), and among other things it is contended by *372 the defendant that the process authorized by said section to be acknowledged by or served upon any agent of a foreign insurance company doing business in this state, is confined to process in actions founded upon causes of action accruing in this state. "Whether this be so or not, we -deem to be immaterial in the ease before us, as we have based our conclusion that the court of common pleas had jurisdiction of the person of the defendant, not upon the fact of service of process on an agent, but upon the voluntary appearance of the defendant in the action. Judgment reversed and cause remanded to the district court for further hearing upon the petition in error.